PETITION OF GARY L. WEISS.

No. 12497.
Decided April 26, 1973.
511 P.2d 1319.

MEMO OPINION

PER CURIAM:

Garl L. Weiss, appearing pro se, has filed a motion to vacate and set aside his judgment of conviction pursuant to section 95-2601, R.C.M. 1947. Weiss is presently incarcerated in the Montana State Prison. He contends that he was denied due process and equal protection of the law by erroreously being charged under section 94-503, R.C.M. 1947, for the crime of second degree arson when he should have been charged under section 94-3313, R.C.M. 1947, with the crime of burning a jail.

The pertinent facts are: On July 1, 1972, Gary Lee Weiss was incarcerated in the Madison County jail located at Virginia City, Montana, in the basement of the county courthouse. On that day a fire originated in the jail portion of the courthouse which subsequently spread and consumed the entire building. On July 5, 1972 Gary Lee Weiss was charged with second degree arson under section 94-503, R.C.M. 1947, for the alleged offense of burning the Madison County jail. Arraignment was had on July 19, 1972, and a plea of "not guilty" was entered. On Oc-

tober 24, 1972, upon advice of counsel, Gary Lee Weiss changed his plea of "not guilty" to a plea of "guilty" and was sentenced to the maximum of ten years imprisonment. On March 9, 1973, Gary Lee Weiss appeared before the Sentence Review Board of the State of Montana. On March 28, 1973, an order was issued that the original sentence be and remain as originally imposed.

The petitioner contends that he has been denied due process and equal protection of the law by erroneously being allowed to plead guilty to second degree arson under section 94-503, R.C.M. 1947, for the alleged offense of burning a jail or place of confinement. The petitioner further contends that the proper statute to which he should have pled is section 94-3313, R.C.M. 1947, which authorizes a maximum penalty "not exceeding five years". Section 94-503, R.C.M. 1947, proscribes the burning of buildings or structures generally and authorizes a maximum penalty of ten years imprisonment. This Court finds no merit to the petitioner's contentions.

Section 94-503, R.C.M. 1947, states:

"Any person who willfully, feloniously and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any building or structure of whatsoever class or character, whether the property of himself or of another, not included or described in the preceding section, shall be guilty of arson in the second degree, and upon conviction thereon, be sentenced to imprisonment in the state prison for not less than one (1) nor more than ten (10) years."

Petitioner, in this factual situation, was properly charged under this section of the law. A fire destroyed the entire Madison County jail and courthouse. Petitioner claims that since the fire originated in the jail portion of the courthouse, where he was incarcerated, he should only have been charged under section 94-3313, R.C.M. 1947, which is concerned with destroying or injuring jails. This Court cannot accept this contention.

The Montana statutes, sections 94-503 and 94-3313, R.C.M, 1947, are not vague, indefinite or uncertain. Section 94-503, R.C.M. 1947, was clearly drafted to cover this type of situation. The petitioner plead guilty to the charge of wilfully, feloniously and maliciously setting fire to a building, which was the Madison County courthouse and jail. In other words, the requirements of section 94-503, R.C.M. 1947, were fulfilled, and petitioner was properly charged.

Section 94-3313, R.C.M. 1947, deals with injurying or destroying jails. This Court does not subscribe to the petitioner's contention that he had to be solely charged with a violation of section 94-3313, R.C.M. 1947.

The relief sought is denied and the proceeding is dismissed.